INDA and another, Appellants, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*January 18—February 15, 1949.*

*J. L. McMonigal* of Berlin, for the appellants.
*John E. Krueger* of Milwaukee, for the respondent.

FRITZ, J.   While the plaintiff George Inda was engaged, as an employee of the Chier Sand Company working under and with Clifford Chier, in loading sand by means of a conveyor and chute onto a gondola car standing on a sidetrack, defendant's employees came with a switching engine for the purpose of hauling the gondola car and the two boxcars, which were immediately west of it, onto the sidetrack, to a point east of a switch on a main track and there uncouple the gondola car from the boxcars and then push the three cars westward rapidly on the main track so that upon abruptly stopping the switch engine and the gondola car the boxcars would continue westward until a brake was applied.

When the crew and switch engine came to the gondola car on the siding, Clifford Chier told Inda to remove the conveyor and chute which they were using in loading the west end of the car and also told Inda to level off the sand in the car.   (A loaded car would not be accepted by the railroad for shipment unless the sand was leveled off.)   Inda, upon removing the conveyor and chute, remained on the car in order,—as he stated,—to level off the sand while standing on the sand at the west end of the car with his feet about six to eight inches below the top thereof, and two or three feet south of the north side of the car.   He testified he felt no jerk when the train coupled onto the gondola car while on the siding or when it was brought to a stop on the main-line tracks after leaving the siding; but that when it moved westward on the main line and was brought to a quick stop to "kick off" the two loaded boxcars from the west end of the train, Inda was thrown completely over the west end of the car to the ground without touching the side of the car.

When defendant's brakeman, R. P. Landreman, had climbed up on the gondola car to loosen the hand brake he saw that Inda and another man (probably Chier) were on the car.   Landreman testified he told them to get off the car, and that he told Inda that he could not ride on the car.   However, Inda testified that Landreman did not order him off the train and said nothing to him; but that he told Landreman that he was going to take a little ride out.   As to what was then in fact said in this respect there was such conflict in the testimony that there was clearly an issue for the jury on that subject.

Landreman testified that Inda was still upon the car when Landreman signaled the engineer to pull the cars out to the main line east of the switch.   When the cars were there the switch was thrown to close the siding and the train was moved west about two hundred feet so that the two loaded boxcars passed over the switch point.   Defendant's brakeman, Blasnig, uncoupled the loaded boxcars at the west end of the gondola car and he signaled the engineer to stop.  · The speed of the train at this point is estimated in the testimony at from two to three, up to five to ten miles an hour and the momentum generated was sufficient to cause the two boxcars to roll two hundred feet west of the switch before they were stopped by the brakeman applying the hand brakes.

In a special verdict the jury found that the defendant was causally negligent, (1) in its manner of switching the cars; and (2) in respect to care for Inda's safety; and that Inda was negligent, (1) in remaining on the gondola car; and (2) in his position on the car immediately prior to the accident; but that such negligence was not a cause of his injury. However, the jury found that thirty per cent of the total negligence was attributable to Inda and seventy per cent thereof was attributable to defendant.   In reply to another question the jury found that defendant did not adopt and use methods and processes to render the place occupied by Inda

on the gondola car reasonably adequate for the protection of his life, health, safety, and welfare. But as to whether defendant's failure in that respect was the proximate cause of Inda's injury, there was no question submitted to the jury.

On motions after verdict, the court concluded that the evidence established undisputably that defendant's employees did not know that Inda had remained on the car; that the evidence was undisputed as to whether defendant's employees directed Inda to get off the car when switching operations were begun, but that whether such employees so instructed Inda was not material because, although Inda was an employee of the Chier Sand Company, Inda had implied permission to go on the car for solely the loading operation and such implied permission terminated when the car could not be used for loading; that by then remaining on the car Inda became a trespasser and therefore was not entitled to judgment on the verdict.

The court's conclusions in those respects and the judgment entered thereon cannot be sustained. In view of the above-stated conflicts in the testimony in relation to what was or was not stated by Landreman and likewise Inda, in respect to his riding on the car, and the testimony in relation to whether or not the brakeman saw or knew that Inda had stayed on the car and whether he was there engaged in leveling off sand, there were clearly issues as to the actual facts in those respects which had to be submitted to and determined by the jury. In the absence of the determination thereof by the jury adversely to the plaintiffs, there was no basis for the court's conclusion that Inda was a trespasser and that therefore he was not entitled to recover in this action. Consequently, the judgment dismissing the complaint cannot be sustained.

In its decision on the motion after verdict, the court stated that if the judgment is reversed on appeal to permit recovery by plaintiffs, then the jury's findings that Inda's negligence

in remaining on the car, and that his negligence in his position on the car was *not* a proximate cause of the injury should be changed from "No" to "Yes;" and thereupon the jury's findings that Inda's negligence was thirty per cent and defendant's negligence was seventy per cent should be held to be effective. As the determination of the issues in those respects were matters for the jury, the procedure thus suggested would be improper.

*By the Court.*—Judgment reversed and cause remanded with directions to grant a new trial.